# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTOR GONCHAROFF,

    Petitioner,

vs.

SHERYL FOSTER, *et al.*,

    Respondents.

3:08-cv-00327-LRH-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). The filing fee has been paid. Following upon initial review, the Court *sua sponte* raises the question of whether the petition is time-barred because the petition was not filed within the one-year limitation period established in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause in writing why the present petition, which is the petitioner's second federal petition, should not be dismissed with prejudice as time-barred.

## *Background*

### *State Court Proceedings Preceding the Present Federal Action*

Petitioner Victor Goncharoff was convicted, following a guilty plea, on April 16, 2004. While petitioner pled guilty to two counts of attempted robbery, the original judgment of conviction stated in error that he instead was convicted of two counts of attempted burglary.[1]

---

[1] Except where otherwise indicated, the state court procedural history is drawn from the March 05, 2008, Order of Affirmance by the Supreme Court of Nevada. See #1, at electronic docket pages 38-42.

1    Petitioner did not take a direct appeal, and the time to do so expired on Monday, May 17, 2004.

2    Over six months later, on or about November 29, 2004, Goncharoff filed a *pro se* state post-conviction petition. The district court denied the petition, as supplemented. The Supreme Court of Nevada affirmed on November 17, 2005, but the state high court remanded for the entry of a corrected judgment correcting the clerical error in the judgment. Under Nevada state practice, the remittitur on the post-conviction appeal would have issued approximately twenty-five days later, on or about December 12, 2005.[2]

On remand, the state district court entered a corrected judgment of conviction on November 21, 2005, reflecting that Goncharoff was convicted of two counts of attempted robbery and not two counts of attempted burglary. Petitioner did not take a direct appeal seeking to challenge any aspect of the corrected judgment that was filed. The thirty-day period to file an appeal from the corrected judgment expired on December 21, 2005.

Approximately one year and six months later, on or about June 20, 2007, Goncharoff filed a motion to withdraw guilty plea in the state district court. The district court denied the motion on the merits, and petitioner appealed. On appeal, the Supreme Court of Nevada affirmed instead on the basis that the motion was barred by laches. The remittitur issued on April 1, 2008.

The petition reflects that, approximately two months later, on or about May 31, 2008, Goncharoff mailed the federal petition in this matter to the Clerk for filing.

***Prior Federal Petition***

During the pendency of the state post-conviction petition, on or about June 7, 2005, petitioner mailed his prior federal petition in No. 2:05-cv-00746-RCJ-RJJ to this Court for filing. On September 26, 2005, while the state post-conviction proceedings still were pending, this Court dismissed the federal petition without prejudice because none of the claims were exhausted. The Court expressly declined to stay rather than dismiss the action because it was entirely unexhausted.[3]

Goncharoff did not file a timely appeal from the Court's final judgment.

---

[2] See No. 2:05-cv-00746-RCJ-RJJ, #10, at electronic docket pages 26-31.

[3] No. 2:05-cv-00746-RCJ-RJJ, ## 7-9. The petition at #9 is the original petition submitted in June 2005.

Approximately eight months later, on or about May 19, 2006, petitioner mailed for filing a first amended petition in the closed No. 2:05-cv-00746 without having sought first to obtain an order reopening the final judgment.[4]

Over two months later, on or about July 19, 2006, petitioner mailed a motion styled as a "motion to reverse judgment." The motion did not seek to vacate this Court's September 26, 2005, final judgment. The motion instead sought to reverse the judgment of conviction in the state criminal proceeding because the respondents – who never had been directed to file a response by this Court pursuant to Habeas Rule 4 – had not responded to the first amended petition. That is, the motion in essence sought a judgment by default.[5]

By an order entered on August 8, 2006, the Court denied the motion to reverse judgment because, *inter alia*, the case was closed. The Court further struck the first amended petition because an amended petition may not be filed after entry of final judgment unless the judgment first is reopened under Rule 59 or Rule 60. The Court stated in the order that "this matter . . . was closed finally and conclusively" by the judgment and again that "[t]his action is and has been closed."[6]

Thereafter, Goncharoff filed a series of motions in this Court and notices of appeal to the Ninth Circuit. This Court denied the motions, and it denied a certificate of appealability on the appeals. The Court of Appeals also denied a certificate of appealability on the appeals.[7]

After multiple frivolous filings in the long-since closed action, the Court issued an order directing the Clerk of Court to not accept any further filings from petitioner other than a notice of appeal or application for a certificate of appealability from the order.[8]

The Ninth Circuit denied a certificate of appealability on the final frivolous appeal on January 29, 2008.

---

[4] No. 2:05-cv-00746-RCJ-RJJ, #10 (stricken pleading).

[5] *Id.*, #11.

[6] *Id.*, #12.

[7] *Id.*, ## 13-36.

[8] *Id.*, ## 29.

*Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the present petition within the one-year limitation period established in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

The federal limitation period therefore began running in this case after the thirty-day time period for filing a direct appeal from the judgment of conviction expired, *i.e.*, on or about Monday, May 17, 2004. Unless otherwise tolled, the federal limitation period would expire one year later, on May 17, 2005.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief.

Goncharoff filed a state post-conviction petition on or about November 29, 2004, after approximately 190 days of the federal limitation period, unless otherwise tolled, had elapsed. The petition and the collateral proceedings pertaining to the correction of the judgment of conviction remained pending, at the very latest, through the expiration of the time for appealing the corrected judgment, *i.e.,* through December 21, 2005.

The federal limitation period, unless otherwise tolled, therefore would resume running and would expire approximately 175 days later, on or about June 14, 2006.

Petitioner did not mail the federal petition in this matter until on or about May 31, 2008, over one year and eleven months after the federal one-year limitation period had expired, absent tolling.

Petitioner further did not file his motion to withdraw guilty plea in the state court until on or about June 20, 2007, approximately a year after the federal limitation period, absent tolling, already had expired. Thus, even if the laches-barred motion otherwise would toll the federal limitation period, the limitation period already had expired unless there was some other basis for tolling prior to June 20, 2007.

/ / / /

-4-

The prior closed federal petition did not statutorily toll the federal limitation period under well-established law. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Accordingly, absent some other basis for tolling, the federal limitation period expired on or about June 14, 2006, nearly two years before petitioner mailed the petition in this matter.

Thus, on the face of the record, the federal petition is subject to dismissal as time-barred under Section 2244(d)(1).

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, ___ U.S.___, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(*quoting Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred. If petitioner responds to this order but fails to come forward with specific facts demonstrating that the petition should not be time-barred, the petition will be dismissed with prejudice. All assertions of fact must be supported by competent evidence. Any assertions of fact not made on personal knowledge pursuant to a declaration under penalty of perjury will not be considered.

////

IT FURTHER IS ORDERED that petitioner shall attach with his response a copy of: (a) his first state post-conviction petition that was filed on or about November 29, 2004; (b) the November 17, 2005, order of affirmance by the Supreme Court of Nevada; (c) the remittitur from the appeal from that proceeding, under Nevada Supreme Court Docket No. 45589; and (d) his June 20, 2007, motion to withdraw guilty plea.

This action will be dismissed without further advance notice if petitioner does not both fully and timely comply with this order.[9]

DATED this 10th day of November.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[9] The Court defers consideration of any additional screening issues pending resolution of the present show cause inquiry, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.